**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED OCT 3 0 2006 CLERK, U.S. ... ANCHORAGE ...

FILED

AUG 22 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALASKA CONSTITUTIONAL LEGAL DEFENSE CONSERVATION FUND, INC.; DALE BONDURANT; WARREN OLSON; DANIEL A. DEVEREUX; SHANNON FARRAH; JAMES P. JACOBSON; W. TOM MINTER; GARY YOUNKIN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DIRK KEMPTHORNE,** Secretary of the Interior; MIKE JOHANNS, Secretary Department of Agriculture; KAATHLEEN CLARKE, Director Bureau of Land Management; DALE BOSWORTH, Chief of U.S. Forest Service; THOMAS H. BOYD, Representative of the Federal Subsistence Board, Office of Subsistence Management, U.S. Fish and Wildlife Services; STEVE KESSLER, Regional Subsistence Program Leader, U.S. Forest Service, Alaska Region; UNITED STATES OF AMERICA, | No. 05-35922 <br><br> D.C. No. CV-00-00167-A-HRH <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\* Dirk Kempthorne has been substituted for his predecessor as Secretary of the Interior. Fed. R. App. P. 43(c)(2).

| Defendants - Appellees, |
| --- |
| ALASKA FEDERATION OF NATIVES, |
| Defendant-intervenor - Appellee. |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief Judge, Presiding

Argued and Submitted July 25, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

The district court properly concluded that the Plaintiffs' challenge to the Federal Subsistence Board's ("Board") regulation granting rural Alaskans priority for subsistence hunting constituted an "as-applied" challenge not barred by the statute of limitation. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991).

The Board acted within its statutory authority under the Alaska National Interest Lands Conservation Act ("ANILCA") by enacting 50 C.F.R. § 100.5, which grants a preference for subsistence hunting to rural Alaskans. Congress intended to protect the subsistence way of life for Native and non-Native rural Alaskans. *See* 16 U.S.C. §§ 3111(1), (4). Even if the preference is not explicitly provided for under Title VIII of ANILCA, the Board's interpretation of the statute

2

was reasonable. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.* 467 U.S. 837, 843-844 (1984).

Nor does the preference violate the Equal Protection Clause. The classification must satisfy only rational basis review as it involves neither a suspect class nor a fundamental right. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). The preference for rural Alaskans serves a legitimate government interest. Congress sought to provide continued "opportunity for subsistence uses by rural residents of Alaska" in order to preserve the "Native physical, economic, traditional, and cultural existence" and the "non-Native physical, economic, traditional, and social existence." 16 U.S.C. § 3111(1); *see also Nordlingler*, 505 U.S. at 11 (stating that the "Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification"). Moreover, limiting participation in subsistence hunting to only rural Alaskans is rationally related to Congress's legitimate interest. In conserving Alaska's finite natural resources, Congress has made some progress in preserving the ability of rural Alaskans to rely on subsistence hunting.

The priority is also a proper exercise of congressional power under the Property Clause in that it is necessary to protect rural inhabitants of Alaska who rely on wildlife living on public lands as a source of food and commerce. *See*

3

*Kleppe v. New Mexico*, 426 U.S. 529, 539 (1976) ("[T]he [Property] Clause, in broad terms, gives Congress the power to determine what are 'needful' rules 'respecting' the public lands.").

The Plaintiffs conceded in the district court that the Public Trust Doctrine is currently applicable only to states. Because they provide no support for extending this doctrine to the federal government, the district court properly dismissed this claim.

**AFFIRMED.**

4

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 2 3 2006

by /s/ Deputy Clerk